Matter of Segrel (2016 NY Slip Op 06221)





Matter of Segrel


2016 NY Slip Op 06221


Decided on September 28, 2016


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2015-09973

[*1]In the Matter of Paige Juliet Segrell, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Paige Juliet Segrell, respondent. (Attorney Registration No. 4428843)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 15, 2006.



Gary L. Casella, White Plains, NY (Antonia Cipollone of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
By decision and order on motion of this Court dated February 8, 2016, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4(l)(1)(i), (ii), and (iii), upon a finding that she was guilty of professional misconduct immediately threatening the public interest based upon her failure to cooperate with the lawful demands of the Grievance Committee for the Ninth Judicial District, her substantial admissions under oath, and other uncontroverted evidence of professional misconduct. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated October 15, 2015. That petition alleged that the respondent was guilty of, inter alia, failing to file biennial registration statements with the Office of Court Administration (hereinafter the OCA) for the 2010-2011 and 2012-2013 biennial registration periods, and failing to cooperate with the legitimate demands of the Grievance Committee in connection with an investigation into her professional misconduct.
The respondent was directed to serve and file an answer to the verified petition dated October 15, 2015, within 20 days after service upon her of the decision and order on motion dated February 8, 2016, and the issues raised by the verified petition, and any answer thereto, were referred to Marc S. Oxman, Esq., as Special Referee, to hear and report.
On March 3, 2016, the respondent was personally served with this Court's decision and order on motion dated February 8, 2016, and an affidavit of service was duly filed with this Court on March 8, 2016. More than 20 days have elapsed without an answer to the petition, as directed, or a request for an adjournment.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon her as the Court deems appropriate, based upon her default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is suspended for an indefinite period, until further order of the Court (see Matter of Owen, 109 AD3d 241; Matter of Malone, 98 AD3d 263; Matter of Atkins, 84 AD3d 97).
ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Ninth Judicial District is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Paige Juliet Segrell, is suspended for an indefinite period, until further order of the Court; and it is further,
ORDERED that the respondent, Paige Juliet Segrell, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Paige Juliet Segrell, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Paige Juliet Segrell, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10(f).
ENTER:
Aprilanne Agostino
Clerk of the Court